UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**NIJII CARRINGTON,**

    **Applicant,**

v.                                          **Case No. 8:19-cv-809-TPB-SPF**

**SECRETARY, DEPARTMENT
OF CORRECTIONS,**

    **Respondent.**
_____/

## ORDER

Nijii Carrington, a Florida prisoner, filed a *pro se* amended application for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 11.) Having considered the amended application, Respondent's response in opposition (Doc. 14), and Carrington's reply (Doc. 15), the amended application is dismissed in part and denied in part.

## Procedural History

The State of Florida charged Carrington with aggravated battery on a law enforcement officer (count one); fleeing to elude (count two); possession of cocaine (count five); resisting an officer without violence (count six); and driving while license cancelled, suspended, or revoked (count seven.) (Doc. 14-2, Ex. 2.) A state court jury convicted Carrington of the lesser-included offense of battery on a law enforcement officer on count one. (Doc. 14-2, Ex. 4.) The

1

jury convicted Carrington as charged on the other counts. (*Id.*)[1] The state trial court sentenced him to an overall term of five years in prison followed by fifteen years on probation. (Doc. 14-2, Exs. 5, 6.) The state appellate court granted Carrington a belated appeal and *per curiam* affirmed the convictions and sentences. (Doc. 14-2, Exs. 7, 11.)

Carrington moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Doc. 14-2, Ex. 14.) The state postconviction court denied his motion, and the state appellate court *per curiam* affirmed the denial of relief. (Doc. 14-3, Exs. 15, 17, 20.)

## Standards Of Review

**The AEDPA**

The Antiterrorism and Effective Death Penalty Act governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can be granted only if an applicant is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

---

[1] The jury acquitted Carrington of counts three and four, burglary of an unoccupied conveyance and grand theft auto. (Doc. 14-2, Ex. 4.)

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694; *see also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well

3

understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the denial of postconviction relief without discussion. This decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002).

**Ineffective Assistance Of Counsel**

Carrington alleges ineffective assistance of trial counsel. Ineffective assistance of counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient performance by counsel and resulting prejudice. *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*.

Carrington must show that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To demonstrate prejudice, Carrington must show "a reasonable probability that, but for counsel's unprofessional

4

errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (internal quotation and citations omitted); *see also Pooler v. Sec'y, Dep't of Corr.*, 702 F.3d 1252, 1270 (11th Cir. 2012) ("Because we must view Pooler's ineffective counsel claim—which is governed by the deferential *Strickland* test—through the lens of AEDPA deference, the resulting standard of review is doubly deferential.") (internal quotation and citation omitted). "The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

### Timeliness Of The Grounds In Carrington's Amended Application; Dismissal Of Ground One As Untimely

Carrington is proceeding on his amended § 2254 application, which raises two claims for relief. Under the AEDPA, a one-year statute of limitations

applies to § 2254 applications. 28 U.S.C. § 2244(d)(1). This limitations period begins when the state court judgment becomes final, and is tolled while an application for collateral review is pending in state court. 28 U.S.C. § 2244(d)(1)-(2). Respondent agrees that Carrington's original § 2254 application was timely filed, but contends that only ground two of the amended application is timely.

The state appellate court affirmed Carrington's convictions and sentences on July 6, 2016. (Doc. 14-2, Ex. 11.) His judgment became final 90 days later, on October 4, 2016, when the period to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Carrington allowed 292 days of untolled time to elapse before filing his Rule 3.850 motion on July 24, 2017. (Doc. 14-2, Ex. 14.) The motion remained pending until the state appellate court's mandate issued on January 23, 2019. (Doc. 14-3, Ex. 21.) Carrington had 73 days, or until April 8, 2019, to file his § 2254 application.[2] Carrington's original § 2254 application was timely filed on April 2, 2019. (Doc. 1.)

Carrington's amended application was filed after expiration of the AEDPA limitations period, on October 21, 2019. (Doc. 11, p. 21.) His timely-

---

[2] The last day of the limitations period fell on Saturday, April 6, 2019. Therefore, Carrington had until Monday, April 8, 2019, to file his § 2254 application. Fed. R. Civ. P. 6(a)(1)(C).

6

filed original application did not toll the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167 (2001). Therefore, any claims in the amended application that do not "relate back" to the original application are untimely. "An amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). "'Relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

Carrington's amended application contains two claims. Ground Two, alleging that trial counsel was ineffective for not moving for a judgment of acquittal on the aggravated battery charge, was also raised in his original application. Ground Two is therefore timely. But Ground One, a federal due process challenge to the sufficiency of the evidence for Carrington's conviction of battery on a law enforcement officer, was not raised in the original application and does not relate back to a claim raised in the original application. Respondent's request to dismiss Ground One as untimely is therefore granted, and Ground One is **DISMISSED as untimely**.[3]

---

[3] Alternatively, as Respondent further contends, Ground One is barred from federal habeas review because Carrington failed to exhaust the federal nature of the claim

7

## Merits Review: Ground Two

In Ground Two, Carrington argues that trial counsel was ineffective for inadequately arguing the motion for judgment of acquittal ("JOA"). Carrington contends that counsel should have argued that the State failed to prove the element of intent on the charge of aggravated battery on a law enforcement officer. He asserts that had counsel done so, the motion would have been granted, a judgment of acquittal would have been entered, and he never would have been convicted of the lesser-included offense of battery on a law enforcement officer.

The evidence relevant to this claim shows that police attempted to conduct a "box-in" maneuver by surrounding Carrington's vehicle at the corner

---

in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). When Carrington challenged the sufficiency of the evidence on direct appeal, he did not allege that his federal constitutional rights were violated, cite any federal constitutional provisions, or refer to his federal due process rights. (Doc. 14-2, Ex. 9, pp. 19-26.) Instead, Carrington relied on Florida's then-in-effect unique standard of review for sufficiency of the evidence in circumstantial evidence cases. (*Id.*, pp. 22-23, 26.) This standard "differs greatly" from the federal standard of review. *Preston v. Sec'y, Fla. Dep't of Corr.*, 785 F.3d 449, 460 (11th Cir. 2015). Carrington cannot return to state court to raise the federal due process claim in an untimely, successive appeal. *See* Fla. R. App. P. 9.140(b)(3) (stating that a notice of appeal must be filed within 30 days of the rendition of a sentence). As a result, the claim is procedurally defaulted. Carrington does not show applicability of an exception to overcome the default. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) ("If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established.").

of Interbay Boulevard and MacDill Avenue in Tampa, Florida. Carrington was able to evade the box-in maneuver and turned southbound on MacDill Avenue, where he hit a police car occupied by Officer Mark Barry. To establish the element of intent, the State had to prove beyond a reasonable doubt that Carrington intentionally touched or struck Officer Barry against his will. §§ 784.03(1)(a), 784.045(1)(a), Fla. Stat. (Doc. 14-2, Ex. 3, p. 443.) Carrington claims that he did not intend to hit Officer Barry's car and that he was merely attempting to flee from the box-in.

Respondent concedes that Carrington's ineffective assistance claim is exhausted. The state postconviction court denied the claim:

> In claim one, Defendant alleges ineffective assistance of counsel due to counsel's failure to move for judgment of acquittal on the aggravated battery charge. Specifically, he alleges that at the close of the State's case, his counsel filed a motion for judgment of acquittal. He alleges the State failed to prove the "intent" element of the aggravated battery. He alleges that based on the surrounding circumstances, the State failed to prove the intent element of battery on a law enforcement officer.
>
> He alleges while he was fleeing from police, he accidentally struck a police cruiser in an attempt to elude a potential arrest. He alleges the State never presented any evidence to disprove his theory of innocence. He alleges that had his counsel argued for a judgment of acquittal at the close of the State's case and after the defense rested, a judgment of acquittal on the aggravated battery charge would have been granted.
> . . .
>
> In its response, the State, relying on pages 172 through 212, 224 through 253, and 287 through 306 of [the] trial transcript . . . asserts that based on the facts of the case and the applicable law,

9

there was sufficient record evidence to support Defendant's conviction for battery on a law enforcement officer and therefore, there was sufficient record evidence for the matter to go the jury. Therefore, the State asserts Defendant's counsel was not ineffective for failing to move the Court for a judgment of acquittal on the charge of battery on a law enforcement officer. Consequently, the State moves this Court to deny this portion of claim one.

After reviewing the allegations, the State's response, the court file, and the record, the Court finds the State's response persuasive. The Court finds to prove the crime of battery on a law enforcement officer, the State must prove that 1) Defendant intentionally touched or struck Officer Mark Barry against his will; 2) that Officer Mark Barry was a law enforcement officer; 3) that Defendant knew Officer Mark Barry was a law enforcement officer; and 4) that Officer Mark Barry was engaged in the lawful performance of his duties when the battery was committed. *See* § 784.07(2)(b), Fla. Stat. (2012). The Court finds during the trial, Officer Lanard Taylor testified that he saw Defendant turn right on MacDill Avenue, and upon Defendant seeing Officer Mark Barry's marked vehicle, nothing prevented Defendant from stopping. The Court finds Officer Taylor testified that it was obvious that Officer Barry was in the vehicle when Defendant rammed into Officer Barry's vehicle.

The Court finds during the trial, Officer Whitney McCormick testified that instead of stopping, Defendant made a decision to hit Officer Barry's vehicle, and hit it right behind the driver's door panel, thereby causing a significant amount of damage. The Court finds she further testified that the vehicle Defendant was driving could have stopped because it was not going too fast at that point.

The Court further finds during the trial, Officer Stradford Dragon testified that Defendant accelerated, drove into the side of the marked patrol car, and after hitting the marked patrol car, drove through the car and drove southbound. The Court finds Officer Alex Castro testified at trial that Defendant could have gone around Officer Barry's vehicle and did not have to crash into Officer Barry. The Court further finds the crimes were captured on

> video and the video was introduced into evidence during Officer Brian Gentry's trial testimony.
>
> The Court finds although Defendant claims he accidentally hit Officer Barry's vehicle, there was sufficient record evidence to support the State's theory that Defendant intentionally struck Officer Barry's vehicle, thereby warranting the battery on a law enforcement officer charge go to the jury. Consequently, the Court finds Defendant cannot prove that his counsel acted deficiently or any resulting prejudice in failing to make the alleged motion for judgment of acquittal when there was sufficient record evidence for the battery on a law enforcement officer charge to go the jury, and even if counsel had made the alleged motion for judgment of acquittal, the Court would have denied the motion.

(Doc. 14-3, Ex. 17, pp. 3-6) (state court's record citations omitted).

Carrington does not show that the state court unreasonably denied his claim. In ruling on a motion for JOA, a state trial court must consider the evidence in the light most favorable to the State. *See Boyd v. State*, 910 So.2d 167, 180 (Fla. 2005) ("A trial court should not grant a motion for judgment of acquittal 'unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law.'" (quoting *Lynch v. State*, 293 So.2d 44, 45 (Fla. 1974))); *Odom v. State*, 862 So.2d 56, 59 (Fla. 2d DCA 2003) ("A trial court should not grant a motion for judgment of acquittal unless the evidence, when viewed in a light most favorable to the State, fails to establish a prima facie case of guilt.").

As set out in the state postconviction court's detailed order, the State presented evidence showing that Carrington acted with the requisite intent.

11

Critically, the State presented evidence that the vehicle was clearly an occupied police car, that Carrington would have been able to avoid hitting the police car, and that Carrington accelerated before hitting the police car. Thus, the state court did not unreasonably find that Carrington failed to establish either deficient performance by counsel or resulting prejudice.

Moreover, the underlying question of whether the State presented evidence of intent sufficient to survive a motion for JOA involves an application of Florida's JOA standard. This Court must defer to the state court's application of state law. *Pinkney v. Secretary, DOC*, 876 F.3d 1290, 1295 (11th Cir. 2017) ("[A]lthough 'the issue of ineffective assistance—even when based on the failure of counsel to raise a state law claim—is one of constitutional dimension,' [a federal court] 'must defer to the state's construction of its own law' when the validity of the claim that . . . counsel failed to raise turns on state law." (quoting *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984))); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("[T]he Alabama Court of Criminal Appeals has already answered the question of what would have happened had [petitioner's counsel] objected to the introduction of [petitioner's] statements based on [state law] – the objection would have been overruled. . . . Therefore, [petitioner's counsel] was not ineffective for failing to make that objection.").

12

Carrington argues that the state court's ruling was unreasonable. First, Carrington contends the court ignored the "key facts" that he "had no idea what was happening" because the police vehicles used to conduct the box-in were unmarked and did not have lights or sirens activated, so he "panicked and fled." (Doc. 11, p. 16.) However, the state court recognized his defense that he accidentally collided with Officer Barry's police car. Furthermore, Carrington's assertion is inconsistent with his acknowledgment, presented both in his § 2254 application and in his state postconviction motion, that the collision occurred while he was trying to elude arrest. (Doc. 11, pp. 14-15, Doc. 14-2, Ex. 14, pp. 7-8.) Further, Carrington does not explain how his alleged confusion about the box-in affects the evidence of intent regarding the subsequent collision with Officer Barry's police car. Carrington's argument does not establish that the state court's ruling unreasonable.

Carrington also argues that the state court's ruling was unreasonable because the officers merely speculated in their trial testimony that Carrington saw Officer Barry's car and decided to hit it. But Carrington fails to show that the state court's inclusion of this testimony in its discussion rendered its ruling unreasonable. The totality of the evidence cited by the state court—which, as addressed, would have been reviewed in the light most favorable to the State on a JOA motion—supported a finding that the State proved intent. Carrington has not shown that the state court unreasonably applied *Strickland* or

13

unreasonably determined the facts in denying his claim. Consequently, he is not entitled to relief on Ground Two.

Accordingly, it is **ORDERED** that Carrington's amended application (Doc. 11) is **DISMISSED in part** and **DENIED in part**. The **CLERK** is directed to enter judgment against Carrington and to **CLOSE** this case.

It is further **ORDERED** that Carrington is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a court must first issue a certificate of appealability. To obtain a certificate of appealability, Carrington must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Carrington has not made the requisite showing. Accordingly, a certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. Carrington must obtain permission from the circuit court to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 22nd day of July, 2022.

_____
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**